RECEIVED

MAY 18 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## NATURE OF ACTION, JURISDICTION AND VENUE

1. This is an action seeking legal and equitable relief and remedy against defendant(s) Robert Wood Johnson University Hospital, Michael Kelly MD, and Billie Fyfe-Kirshner MD, and "John Doe and/or Jane Doe defendant(s)" and "ABC corporation(s) 1-10", with respect to plaintiff's employment and prospective employment for (1) violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. ("Title VII"); (2) The Civil Rights Act of 1991, 42 U.S.C. section 1981; (3) New Jersey Law Against Discrimination (LAD) - Retaliation (N.J.S.A. 10:5-12(d)); (4) Racketeer and Corrupt Organizations Act, 18 U.S.C. Chapter 96 §§ 1961 to 1968; (5) Retaliation for Exercise of Civil Rights, 18 U.S.C. § 241.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 and 42 U.S.C. Section 2000e, et seq.

3. All conditions precedent to suit under Title VII have occurred or been complied with, specifically: (a) a timely charge of employment discrimination was filed with Equal Employment Opportunity Commission; (b) a Notice of Right to Sue, a copy of which is attached hereto with the mailing envelope dated as February 22, 2016 and local post office dating of February 24, 2016 as Exhibit A, was received on March 14, 2016; (c) this complaint has been filed within ninety days of receipt of the Notice of Right to Sue.

4. Pursuant of 28 U.S.C. Section 1367, this Court has supplemental jurisdiction over state and local law claims arising from the same set of operative facts and which are part of the same case or controversy as the federal claims.

5. Venue is appropriate in this Court under 28 U.S.C. Section 1391 (b) and (c), in that plaintiff was, at all relevant times, a resident of this judicial district, the defendants, at all relevant times, did business in this judicial district, and a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## PARTIES

6. Plaintiff, Leena Varughese, M.D. is an eminently qualified woman physician of Indian National Origin, residing in Piscataway, NJ located in Middlesex County, New Jersey.

Plaintiff applied to an advertised employment in the Department of Pathology Residency Program at Robert Wood Johnson Medical School.

7. Robert Wood Johnson Medical School (abbreviated to "RWJMS") is an "employer" within the meaning of Title VII and other applicable anti-discrimination and anti-retaliation laws, and has a place of business at New Brunswick, NJ 08901 operating under the registered business title of Robert Wood Johnson University Hospital (abbreviated to "RWJUH"). The entities RWJUH and RWJMS are used interchangeably. The RWJUH - RWJMS are teaching hospitals and institutions, and it is a recipient of Medicare contracts and federal grants.

8. Michael Kelly, MD is the Associate Dean of Graduate Medical Education and a representative of RWJMS.

9. Throughout relevant portions of this charge of discriminatory activity, Dr. Billie Fyfe-Kirshner was the Program Director of the Anatomic and Clinical Pathology residency program at RWJMS.

## FACTS

10. Varughese completed all of her patient care work competently and satisfactorily and holds an esteemed professional standing as a medical doctor, a law abiding U.S. citizen, and a licensed medical doctor in New York State.

11. Varughese completed a significant portion, three years and three months of her residency in her chosen field of Anatomic and Clinical Pathology at Mount Sinai Medical Center's Anatomic and Clinical Pathology residency program from June 2008 to September 21, 2011, and as thus, the reference for this completed work are with her former employer, against whom she has filed a civil rights complaint.

12. In January 2012, May 2015 or June 2015, and September 2015, Varughese applied to advertised employment opportunity in the Pathology Residency at Robert Wood Johnson Medical School for the period of July 2016 to June 2017 to complete the one year remaining in her Anatomic and Clinical Pathology residency.

13. Varughese applied to the employment opportunity after ensuring that it was indeed hiring, and then, Varughese inquired of the opening with the Dr. Fyfe who referred the matter to Dr. Michael Kelly.

14. The Pathology Residency employment position for which Varughese applied is reserved for non-traditional candidates, such as Varughese, and the total positions from a residency program such as of the Department of Pathology are not eliminated, as per Medicare and other pertinent regulatory rules.

15. In or about May 2015, shortly after Varughese's initial application to the advertised employment, Dr. Michael J. Kelly informed Varughese that Robert Wood Johnson Medical School[1] would not fund this position nor any additional position in any other residency program within the RWJMS organization for post-graduate medical training for the period of training for which Varughese applied. The advertised employment was removed and Varughese was informed that no one else would be hired due to an institution wide lack of funding.

16. In September 2015, after Varughese's inquiry where she was informed that the employment opportunity would not be funded and that RWJMS is not hiring, and there was no fund for the position, Robert Wood Johnson Medical School again advertised the same employment opportunity in the Pathology Residency program for the period of July 2016 - June 2017 with slight changes to the advertisement to *single out and exclude* Varughese from being hired by demanding additional non-relevant information from potential candidates.

17. Varughese strongly advises this Court that this new advertisement was formulated with coordination of illegal activities by RWJMS and it's actors and proxies, that will likely include the illegal collusion with Mount Sinai Medical Center in New York, and their actors and proxies, to exclude Varughese from this employment. Mount Sinai Hospital System in New York has already refused to forward the records previously, and any employment for which Varughese qualifies will lead to the request for the records of Varughese's already completed residency rotations in Anatomic and Clinical Pathology. Mount Sinai Hospital has been retaliating against Varughese by fabricating a false poor evaluation and then, refusing to forward the records as a legal defense. This activity is being coordinated with RWJMS.

---

[1] Robert Wood Johnson Medical School obtain grants to fund residency programs through Medicare's funding for Graduate Medical Education.

18. Dr. Billie Fyfe-Kirshner has direct knowledge regarding Varughese's legally protected activities such as her filing of EEOC complaints, pursuing civil litigation against her former employer, and other protected legal activity, as well as the record of Varughese's applications for employment at RWJMS. Varughese has been informed by Fyfe on several occasions that Varughese is the best candidate for this employment opportunity.

19. Fyfe had informed Varughese that it was Fyfe's opinion based on her information, experience, and knowledge, that Varughese's former employer's conduct was consistent with illegal discriminatory and retaliatory activity against Varughese, and she did not think that a United States Court system will condone the discriminatory activity or allow it to continue against Varughese.

20. Fyfe told Varughese that Mount Sinai Medical Center located in New York City *demanded of RWJMS to not hire Varughese and that the record of her employment will not be given* because of a complaint and/or a lawsuit that was filed against them by Varughese, which at that time was only the EEOC filing against Mount Sinai Hospital System in New York City.

21. Fyfe informed Varughese that she finds Mount Sinai Medical Center's composition of the so-called "summative evaluation"[2] to be implausible, however, the refusal to hire Varughese is due to the illegal coordination with Varughese's former employer to avoid requesting data on the work done and the actual record[3] of Varughese. Varughese informs this Court that the "summative evaluation" was composed by a team of employees at Mount Sinai Hospital System such as legal counsel, Human Resources director, new hires, etc who are unqualified and not capable of evaluating Varughese's professional work, of which they have no

---

[2] Summative evaluation is a very problematic matter that delegates licensed medical professional to apparent six categories for evaluation based on essentially meaningless terminology upon completion of a residency program put forward by Accreditation Council of Graduate Medical Education (ACGME) that really is in the business of regulating Graduate Medical Education programs and not physicians employed in post-graduating training programs. My employment was terminated in my final year of residency, but to my knowledge and as per New York State Department of Health's multiple investigations, I had completed all my work and I had been professional and ethical at all times meeting all standards for ongoing patient care work in my profession.

[3] The work done and actual record consists of all the rotations that I had completed satisfactorily, which was all my rotations to my knowledge. I was also a contracted employee whose employment contract was renewed for the final year of the four year residency program without any stipulations to my knowledge. Mount Sinai Hospital System in New York took retaliatory actions against me weeks into my final year of residency making various implausible allegations that are representative of their unprofessionalism, misconduct, and unethical unlawful conduct.

knowledge, to retaliate against Varughese and to sabotage Varughese's professional career and promising future.

22. Since the termination of Varughese's employment in September 2011 to now, Varughese has been excluded, in coordination with her former employer at Mount Sinai Hospital System located in New York City, from other "White" or "Caucasian" owned and operated business, with consent from "White" individuals of uninvolved organizations such as from Robert Wood Johnson Medical School to facilitate impermissible retaliation against Varughese to blacklist her from her chosen profession.

23. Varughese has discussed employment civil rights issues openly and publicly as part of her civil rights activism on employment rights of women of color, people of color, and women professionals in medicine. On information, evidence, and belief, there is an increasing level of alarm about Varughese's certain success, in her chosen profession with equal access to employment opportunities that would negatively affect her racist sexist former employer and their proxies but other White-run organizations are sympathetic to discrimination and retaliation against women of color, people of color, and women are participating in the retaliation against Varughese.

## COUNT I
## CAUSE OF ACTION (RETALIATION - TITLE VII)

24. Plaintiff repeats and realizes the allegations of paragraphs 1 through 24, as if set forth herein at length.

25. The acts of the defendants constituted unlawful retaliation on the basis of Plaintiff's protected legal activities.

26. As a direct and proximate result of defendant's actions, plaintiff suffered harm and is entitled to damages and relief under Title VII.

## COUNT II
## CAUSE OF ACTION (THE CIVIL RIGHTS ACT OF 1991, SECTION 1981)

27. Plaintiff repeats and realizes the allegations of paragraphs 1 through 23, as if set forth herein at length.

28. The acts of the defendants constituted violation on the basis of Plaintiff's civil rights activities in employment of professionals.
29. As a direct and proximate result of defendant's actions, plaintiff suffered harm and is entitled to damages and relief under The Civil Rights Act of 1991, section 1981.

## COUNT III
## CAUSE OF ACTION (THE NEW JERSEY LAW AGAINST DISCRIMINATION)

30. Plaintiff repeats and realizes the allegations of paragraphs 1 through 23, as if set forth herein at length.
31. The acts of the defendants constituted unlawful retaliation on the basis of protected legal activities engaged in by Plaintiff.
32. As a direct and proximate result of defendant's actions, plaintiff suffered harm and is entitled to damages and relief under unlawful employment practices under the New Jersey Law Against Discrimination (LAD) - Retaliation (N.J.S.A. 10:5-12(d)).

## COUNT IV
## CAUSE OF ACTION (RACKETEER & CORRUPT ORGANIZATIONS ACT)

33. Plaintiff repeats and realizes the allegations of paragraphs 1 through 23, as if set forth herein at length.
34. The act of the defendants constituted unlawful activities in violation of Racketeer and Corrupt Organizations Act.
35. As a direct and proximate result of defendant's actions, plaintiff suffered harm and is entitled to damages and relief under the applicable sections of the Racketeer and Corrupt Organizations Act, 18 U.S.C. Chapter 96 §§ 1961 to 1968.

## COUNT V
## CAUSE OF ACTION (RETALIATION FOR EXERCISE OF CIVIL RIGHTS)

36. Plaintiff repeats and realizes the allegations of paragraphs 1 through 23, as if set forth herein at length.
37. The act of the defendants constituted unlawful retaliation crime in violation of civil rights protections afforded by the laws of the United States.

38. As a direct and proximate result of the defendant's actions, plaintiff suffered harm and is entitled to damages and relief under the Retaliation for Exercise of Civil Rights, 18 U.S.C. § 241.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction of this action;
2. Issue a permanent injunction enjoining RWJMS, and any other defendants from further violations of any aforementioned laws against Varughese;
3. Issue a declaratory injunction that the acts of defendants complained of were in violation of aforementioned laws;
4. Order defendants to make Plaintiff whole for all earnings and benefits she would have received but for defendants' violations of law, including but not limited to: wages with prejudgment interest thereon, pension, and other lost benefits;
5. Order defendants to pay Plaintiff compensatory and punitive damages for injuries suffered as a result of defendants' violation of aforementioned laws;
6. Order a restraining order against the blacklisting and the illegal activities targeting minority women Plaintiff such as Varughese pursuant of the violation of the employment civil rights;
7. Order a Department of Justice investigation of violations of civil rights, and the collusion and conspiracy by above named private corporations that obtain federal funds engaging in impermissible discrimination and retaliatory activities;
8. Award Plaintiff pro bono counsel by way of Department of Justice - Civil Rights Division or private pro bono counsel;
9. Award Plaintiff the costs and disbursements of this action together with reasonable professional fees; and
10. Award Plaintiff such further and additional relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

I declare under penalty of perjury that the foregoing is true and correct.

Signed: *Leena Varughese*

Filed by: Leena Varughese, M.D.

    Address: 904 River Road
              Piscataway, NJ 08854
    Phone:  908-265-7536
    Email:   lkv126@gmail.com

Dated:  May 11, 2016
         Piscataway, New Jersey